UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RAYMOND LAWLER,

        Plaintiff,

v.                                                                                  Case Number: 05-73294

CITY OF TAYLOR, a municipal corporation,     HON. MARIANNE O. BATTANI
THE TAYLOR POLICE DEPARTMENT,
CHIEF GLENN K. BONDY, CORPORAL
TROY TORO, CORPORAL WALTER
HOWELL, CORPORAL MICHAEL
CALDWELL, CADET LITTLE, CADET
DEGUILI, individually, and in the
representative capacity as Police Officers
for the City of Taylor,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants City of Taylor, Taylor Police Department,[1] Chief Thomas Bonner, Corporals Troy Toro, Walter Howell, Michael Caldwell, and Cadet Deguili's Motion for Summary Judgment (Doc. #18). Although oral argument was scheduled for November 29, 2006, after Plaintiff's counsel failed to appear, the Court informed the parties that the matter would be resolved on the pleadings. The Court has reviewed not only the pleadings filed in advance of the scheduled hearing, but also

---

[1] Defendant City of Taylor Police is not a legal entity susceptible to suit. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). The Taylor Police Department is merely a creature of the City, the real party in interest. See MICH.COMP.LAWS § 92.1

those pleadings submitted by the parties thereafter.  See E. D. Mich. LR 7.1(e)(2).  For the reasons that follow, the motion is **GRANTED** in part and **DENIED** in part.

## I. STATEMENT OF FACTS

On August 25, 2005, Plaintiff, Charles Lawler, filed suit against Defendants, alleging violations of state and federal law.  His claims arise out of his arrest for driving while intoxicated.  Specifically, on February 28, 2004, Plaintiff was pulled over, arrested, and taken to the Taylor police station.  During the booking process, Defendant Corporal Toro uncuffed Plaintiff, who kept removing his hands from the counter and turning toward Toro, despite repeated warnings not to do so.  Eventually, Toro physically placed Plaintiff's hands on the counter.  Thereafter, Plaintiff admits that he then became angry, and called Toro an "asshole" and a "pussy."  Defs.' Ex. A, Pl.'s Dep. at 76-9.

According to Plaintiff, Toro then asked to see Plaintiff's left hand.  After Plaintiff raised his left arm off of the counter and moved his right hand in front of him, Toro took Plaintiff to the ground.  Plaintiff struggled to free himself, and Toro called for assistance.  Before assistance arrived, Toro attempted, unsuccessfully, to gain control of Plaintiff using pressure point control tactics and knee strikes.  Defendants Howell, DeGuili, and Little[2] and subsequently entered the booking room and assisted Toro in handcuffing Plaintiff.  See Defs.' Ex D. Jail Video.  Plaintiff suffered a dislocated elbow as a result of the struggle.

Defendant, Corporal Michael Caldwell, requested a warrant on two charges: operating while under the influence of intoxicating liquor, third offense; and assaulting,

---

[2]Plaintiff never served Defendant Little.

resisting and obstructing a police officer. Defs.' Ex. E. The district court judge reviewed the jail video and found probably cause for both charges. See Ex. A to Defendants' Reply Brief. The judge mentioned two incidents supporting the resisting and obstructing charge: first Plaintiff continued struggle as Toro tried to put handcuffs back on the Plaintiff; second, Plaintiff's continued obstruction after the officers came to assist Toro.

Plaintiff pleaded guilty to operating while under the influence, and the assault charge was dismissed.

## II.     STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

4

(1986)).  The evidence itself need not be the sort admissible at trial.  Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000).  However, the evidence must be more than the nonmovant's own pleadings and affidavits.  Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001).  The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant.  Anderson, 477 U.S. at 252.

### III.  ANALYSIS

Plaintiff seeks relief under federal and state law.  Each basis of relief is discussed below.

**A.  Federal Claims**

Plaintiff pursues his federal claims under 42 U.S.C. § 1983.  It provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States  . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Under the language of the statute, to succeed on a § 1983 claim, a plaintiff must prove that a person deprived him of a federal right and that person acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).    There is no dispute that Defendant officers were acting under color of state law. The federal rights at stake include freedom from excessive force and municipal liability.

**1. Excessive Force**

To determine whether Plaintiff has made a prima facie case for the deprivation of constitutional rights arising from the alleged excessive force, the Court analyzes the conduct under the Fourth Amendment and its "reasonableness standard." Graham v. Connor, 490 U.S. 386, 394-95 (1989).  The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ."  U.S. Const. amend. IV.

To determine whether a particular use of force is reasonable as opposed to excessive, one must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." Graham, 409 U.S. at 396.  The test requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The question is whether an officer's action was "objectively reasonable" given the facts and circumstances confronting the officer at the time of the use of force.  Id.  Not every push or shove gives rise to a § 1983 claim, nor will a minimal use of force support such a claim.  Id.; Collins v. Nagle, 892 F.2d 489, 496 (6th Cir. 1989).

In assessing whether Toro's conduct was reasonable as a matter of law, the Court must resolve factual disputes in favor of Plaintiff, the nonmoving party.  The Court observes that an officer may use force to gain compliance with an order; however, "even where some force is justified, the amount actually used may be excessive." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002).  Therefore, even if Toro were entitled to use force to recuff Plaintiff, the degree of force Toro used must have been

6

reasonable as a matter of law.

Here, neither party has addressed whether Toro perceived Plaintiff as a threat to his safety.  Plaintiff was in custody at the police station, and his apprehension and transport to the station occurred without incident.  The crime giving rise to Plaintiff's arrest was not serious, and although Plaintiff became verbally combative, his resistence to Toro's order appears more a function of his intoxication than a threat to Toro.  Based on these facts and the video of the incident, the Court cannot say as a matter of law that Toro's conduct was objectively reasonable.  The circumstances facing Toro at the time he made his initial decision to use force were not particularly "tense," or "uncertain." See Graham, 490 U.S. at 396-97.  Plaintiff admits that he was told repeatedly by Toro to keep his hands on the counter, and the video shows that Plaintiff failed to follow Toro's instructions.  Plaintiff kept turning toward Toro with arms raised.  The video also shows that when Toro physically moved Plaintiff's arm to the counter, Plaintiff did not cooperate.  Only after Toro forcefully put Plaintiff on the ground, did Plaintiff's resistance become aggressive.

Moreover, the record shows that Toro was disciplined for his conduct; and that a commander at the police department testified at Toro's disciplinary hearing that excessive force was used.  Therefore, the Court cannot say as a matter of law that no reasonable person could find that the force was excessive.

The Court reaches a different conclusion relative to the conduct of Defendants Howell and Deguili.  Although an officer may be liable for wilfully refusing to act in the fact of ongoing assaults by a fellow officer, the duty to protect arises when the officer is aware of a specific risk of harm to the plaintiff and has the time and opportunity to

7

intervene. Ting v. United States, 927 F.2d 1504, 1511-12 (9th Cir. 1991). The Court observes that this was not a situation where Defendants Howell and Deguili stood by and watched Toro beat Plaintiff over a prolonged period of time.

Howell and Deguili responded to Toro's call for assistance. When they reached booking, they observed an officer struggling with a suspect. There is no basis for finding their efforts to assist Toro constituted excessive force. The Court therefore finds that all of Plaintiff's claims against Howell and Deguili arising out of this conduct lack merit.

### 2. Qualified immunity

Defendants raise the affirmative defense of qualified immunity. Qualified immunity is available to governmental employees when operating within the scope of their assigned duties. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). When resolving whether a defendant is entitled to qualified immunity, the court must resolve whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2002). If the answer is yes, the court must determine whether the right was clearly established. Id.

Here, Plaintiff's contention is that Toro asked him to raise his hand, and when Plaintiff complied, Toro used the gesture as a springboard for subjecting Plaintiff to excessive force. Clearly, if a jury were to credit Plaintiff's version of the events, Toro's conduct relative to the initial contact is not entitled to immunity. Further, Plaintiff's right to be free from force under those circumstances was clearly established at the time. Accordingly, the request for qualified immunity is denied.

### 3. Municipal Liability

Plaintiff advances several claims against the City: that the City had an inadequate training program; the City failed to take action against officers who had been involved in repeated incidents of excessive force; and that the City had an illegal practice of charging persons injured while in custody with a crime. To recover against the City of Taylor, Plaintiff must show that his civil rights were violated pursuant to and as a direct result of its official policy or custom. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-95 (1978). The alleged unconstitutional action must implement either a policy or ordinance officially promulgated by the City, or constitute a governmental "custom" which, although not formally adopted, "can fairly be said to represent official policy." Id. at 690-91, 694. The burden in this regard requires a showing that the unconstitutional policy or custom existed, that the policy or custom was connected to the City, and that the policy or custom caused his constitutional violation. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507 (6th Cir. 1996).

To prove that the City of Taylor has an unconstitutional policy of failing to train, a plaintiff "must prove that the training program is inadequate to the task an officer must perform; that the inadequacy is the result of deliberative indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91 (1989)).

It is uncontested that the City of Taylor had a policy on the use of force, and its

rules specifically prohibit the application of unreasonable and/or excessive force. See also Defs.' Ex. F.  Commander Helvey, an internal affairs officer, testified that new officers are required to review and know the City's policies.  They attend formal and intensive field training and are graded on their performance.  The City also provides in-service training.  Defs.' Ex. G, Helvey Dep. at 20-1.  There has been no specific challenge to the adequacy of the training, and the Court finds that Plaintiff has failed to meet his burden to show a genuine issue of material fact as to the adequacy of the training program.

Further, Plaintiff has offered no evidence to support his claim that the City has a policy of charging persons who have been injured in custody with a crime.  Accordingly, Defendants are entitled to summary judgment on this claim.

Finally, Plaintiff has advanced no relevant evidence to support his claim that, despite a written progressive discipline policy, the City remains deliberately indifferent to the misdeeds of its officers.  According to Plaintiff, Toro has been sued five times.  See Pl.'s Ex. 2, 7-11.  This fact, even if true, does not satisfy Plaintiff's burden.  There is nothing before the Court showing the nature of the allegations against Toro, or the outcome of the lawsuits.  Further, there is evidence in the record that Toro had been disciplined for past misconduct.  See Pl.'s Ex. 3.  Finally, it is uncontested that the City not only investigated the incident at hand, but that Toro was disciplined as a result of his conduct.

In sum, the record in this case demonstrates that Plaintiff has failed to meet his burden on summary judgment.  Plaintiff has presented no evidence showing the existence of an unconstitutional policy or custom. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) ("Proof of a single incident of unconstitutional activity is not

10

sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.").

### B.  State Claims

In addition to Plaintiff's federal claims, he asserts violations of state law. Specifically, Plaintiff advances claims of assault and battery, malicious prosecution, and gross negligence.  The Court discusses the merits of each below.

#### 1.  Assault and battery

In Michigan, a police officer who uses excessive force may be held liable for assault and battery. White v. City of Vassar, 403 N.W.2d 124 (1987).  Moreover, the governmental tort liability act, MICH.COMP.Laws §691.1401 et seq., does not provide individual officers with immunity for intentional torts such as assault and battery.  Sudul v. City of Hamtramck, 562 N.W.2d 478 (1997).

Although Defendants characterize and analyze Count I of Plaintiff's Complaint as a claim based upon negligence, the allegations, albeit vague, suggest an intentional tort.  Consequently, the Court considers it a claim for assault and battery.  In light of the Court's finding relative to the excessive force claim, summary judgment on this claim must likewise be denied as to Defendant Toro.

#### 2.  Malicious Prosecution

To succeed on a state malicious prosecution action, a plaintiff must show four elements: "(1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4)

that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." <u>Matthews v Blue Cross and Blue Shield of Michigan</u>, 572 N.W.2d 603 (1998).

The facts of this case demonstrate as a matter of law that Plaintiff cannot meet his burden to show that the charge of assaulting, resisting and obstruction of a police officer was malicious.  Here, not only does Plaintiff admit that he did not follow Toro's orders, the state district court found, after reviewing the video, that there was probable cause to bind Plaintiff over on that charge.  Dismissal of the charge pursuant to a plea agreement does not undermine the fact that the prior proceedings established that there was probable cause to support the criminal charges against Plaintiff.

Moreover, even if Plaintiff had been able to show the elements of his claim, he only names the City of Taylor as a Defendant on this charge.  The City of Taylor is absolutely immune from Plaintiff's malicious prosecution claim. MICH.COMP.LAWS § 691.1407(1); <u>Payton v. City of Detroit</u>, 536 N.W.2d 233 (1995).  Accordingly, the Court awards Defendants' summary judgment on Count II.

### 3. Gross Negligence

An employee of a governmental agency acting within the scope of his authority is immune from tort liability, unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury. MICH.COMP.LAWS § 691.1407(2). Gross negligence is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." <u>Id.</u> at § 691.1407(7)(a).

Here, there is no question that Toro was acting in the scope of his authority as a police officer while employed by the City of Taylor, during the events at issue.  In light of

the Court's finding relative to Toro's conduct during the booking process, it finds a question of fact exists as to whether Toro's conduct was grossly negligent.

Again, the Court finds that the video exonerates the officers called to assist Toro, who arrived to see an officer actively engaged in a struggle. Plaintiff's assertion that Howell and Deguili were grossly negligent because they failed to prevent an assault is not supported by the facts. Howell and DeGuili merely subdued Plaintiff. Their involvement was over in seconds; they had no opportunity to stand back, review the situation, and determine whether Toro's conduct complied with the law. Accordingly, their conduct does not constitute gross negligence as a matter of law.

Finally, Plaintiff's claim of gross negligence by the City as evidenced by its failure to train and supervise its officers fails for the reasons discussed in the § 1983 claim arising out of the same facts. Accordingly, Defendants' request for summary judgment on Plaintiff's claim of gross negligence is granted to all Defendants except Toro.

## IV.  CONCLUSION

In accordance with the opinion issued above, the Court **GRANTS** summary judgment to Defendants City of Taylor, Taylor Police Department, Chief Glenn K. Bondy, Corporal Walter Howell, Corporal Michael Caldwell, and Cadet Deguili and **DENIES** summary judgment to Corporal Troy Toro on Plaintiff's claims of excessive force, gross negligence and assault.

**IT IS SO ORDERED**.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Earl W. Ward and Gina U. Puzzuoli on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager